UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00139-GNS-HBB

KYLE STEPHENSON, et. al.                                                                                        PLAINTIFFS

v.

SEEDBACH AND COMPANY, LLC, et al.                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion to Remand (DN 9). This matter is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I.   BACKGROUND

Plaintiffs Kyle Stephenson and Madeline Stephenson ("Plaintiffs") filed their First Amended Complaint against Tri-County Electric Membership Corporation and Seelbach and Company, LLC ("Defendants") on August 5, 2020, in the Cumberland (Kentucky) Circuit Court. (Am. Compl. 1, DN 1-1). Plaintiffs bring an action for trespass, negligence, and conversion against Defendants, who allegedly entered onto their property without permission or consent and cut down 22 black walnut trees. (Am. Compl. ¶¶ 3-9). Plaintiffs argue that Defendants had no legal right to enter their property and cut down the trees. (Am. Compl. ¶¶ 11-12). Plaintiffs request damages for: (1) financial loss equaling the value of the trees; (2) depreciation of value in their property; and (3) the cost of restoring the land. (Am. Compl. ¶ 9).

Defendants removed this case to this Court on August 8, 2020. (Notice Removal DN 1). Defendants argue this Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. (Notice

Removal 2). Following removal, Plaintiffs moved to remand the case to state court and stipulated that the amount in controversy does not exceed $75,000. No party has filed a response, and the motion is ripe for adjudication.

## II. **STANDARD OF REVIEW**

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . the citizens of different States." 28 U.S.C. § 1332(a)(1).

The subject matter jurisdiction of a case is determined at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The defendants removing the case bear the burden of proving that the jurisdictional amount-in-controversy requirement is met. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citation omitted).

## III. **DISCUSSION**

Plaintiffs do not contest that complete diversity exists between the parties, but assert that subject matter jurisdiction is lacking because the amount in controversy does not exceed $75,000. (Pl.'s Mem. Supp. Mot. Remand 2, DN 9-1). Thus, the question is whether Defendants have satisfied their burden to show the amount in controversy is greater than $75,000.

Plaintiffs stipulate their claim for damages does not exceed $75,000 and that they will not "seek or accept any award exceeding $75,000 . . . ." (Pl.'s Mem. Supp. Mot. Remand 2). "The Sixth Circuit has held that a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *King v. Trader Joe's E., Inc.*, No.

Removal 2). Following removal, Plaintiffs moved to remand the case to state court and stipulated that the amount in controversy does not exceed $75,000. No party has filed a response, and the motion is ripe for adjudication.

## II.   **STANDARD OF REVIEW**

This Court has jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . the citizens of different States." 28 U.S.C. § 1332(a)(1).

The subject matter jurisdiction of a case is determined at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The defendants removing the case bear the burden of proving that the jurisdictional amount-in-controversy requirement is met. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citation omitted).

## III.   **DISCUSSION**

Plaintiffs do not contest that complete diversity exists between the parties, but assert that subject matter jurisdiction is lacking because the amount in controversy does not exceed $75,000. (Pl.'s Mem. Supp. Mot. Remand 2, DN 9-1). Thus, the question is whether Defendants have satisfied their burden to show the amount in controversy is greater than $75,000.

Plaintiffs stipulate their claim for damages does not exceed $75,000 and that they will not "seek or accept any award exceeding $75,000 . . . ." (Pl.'s Mem. Supp. Mot. Remand 2). "The Sixth Circuit has held that a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *King v. Trader Joe's E., Inc.*, No.

3:20-CV-326-RGJ, 2020 WL 8184423, at *1 (W.D. Ky. Nov. 16, 2020) (citing *Rogers*, 230 F.3d at 872) (internal quotation marks omitted). Courts in this District have generally disfavored allowing plaintiffs to reduce the amount in controversy by stipulation post-removal because it makes it possible for the plaintiff to unfairly manipulate the proceeding by switching jurisdictions. *Id.* (citations omitted).

However, "courts in this District have also recognized that while a plaintiff may not *reduce* or *change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Id.* at *2 (citing *Jenkins v. Delta Air Lines, Inc.*, 3:18-CV-244-CRS, 2018 WL 6728571, at *3 (W.D. Ky. Dec. 21, 2018)). As this Court has stated with respect to 28 U.S.C. § 1446 and the effect of stipulations:

> [W]here a state prevents a plaintiff from pleading a specific amount of damages–as is the case in Kentucky–and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district court considers such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such. Accordingly, this Court has recognized that a plaintiff may stipulate that it neither seeks, nor will accept, damages in an amount exceeding $75,000, and that such a stipulation will destroy the amount-in-controversy requirement for diversity jurisdiction. Still, "only where that clarifying stipulation is unequivocal will it limit the amount of recoverable damages and warrant remand."

*Martin v. UPS Supply Chain Sols.*, No. 3:14-CV-00342-TBR, 2015 WL 691557, at *4 (W.D. Ky. Feb. 18, 2015) (internal citations omitted) (citation omitted).

Nowhere in the Complaint or Amended Complaint do Plaintiffs specifically state the amount of damages they are seeking, which is consistent with the requirements for practice in Kentucky courts. *See* Ky. R. Civ. P. 8.01(2) ("An any action for unliquidated damages the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court . . . ."). Thus, Plaintiffs' stipulation that they will neither seek nor accept damages in

3

excess of $75,000 is an unequivocal clarification that destroys the amount-in-controversy requirement. *See Martin*, 2015 WL 691557, at *4; *see also King*, 2020 WL 8184423, at *2 ("[L]anguage that the plaintiff will neither seek nor accept an amount which exceeds $75,000 has been repeatedly found to be unequivocal by Kentucky federal courts. Such unequivocal stipulations leave the plaintiff no room to escape the bounds of its restrictions and as such, are binding and conclusive." (internal quotation marks omitted) (citations omitted)).

Because Plaintiffs' stipulation is an unequivocal clarification of the amount in controversy, the threshold requirement of $75,000 specified in 28 U.S.C. § 1332(a) is not met. Therefore, the Court lacks jurisdiction over this matter, and the case must be remanded.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand (DN 9) is **GRANTED**, and this matter is remanded to Cumberland Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

February 23, 2021

cc: counsel of record
Clerk, Cumberland Circuit Court (Civil Action No. 20-CI-00038)

4